# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ROBERT L. DAVIS,

    Plaintiff,

vs.                                       Case No. 4:13cv191-MW/CAS

MICHAEL D. CREWS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed an *in forma pauperis* motion, doc. 2, and a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed in the Middle District of Florida on the grounds that they were frivolous, malicious, or failed to state a claim. The dismissed cases include case number 99-1048, dismissed on May 23, 1999, for failing to state a claim as Plaintiff's case was barred by <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994). Plaintiff also had case number 8:95cv661 dismissed for failure to state a claim and lack of subject matter jurisdiction on January 29, 1996. Plaintiff appealed that dismissal and the Eleventh Circuit dismissed his appeal as frivolous.

Plaintiff also attempted to bring case number 4:10cv150-MP/WCS in this Court in April, 2010. Plaintiff's in forma pauperis motion was denied and the case dismissed pursuant to 28 U.S.C. § 1915(g). Thus, not only is Plaintiff barred from being granted *in forma pauperis* unless he is in danger of serious physical injury pursuant to § 1915(g), he has already had a case dismissed in this Court as barred by § 1915(g).

The complaint has been reviewed to determine whether Plaintiff should be permitted to proceed under the physical injury exception of 28 U.S.C. § 1915(g). On its face, Plaintiff cannot make that showing because Plaintiff is incarcerated at Union Correctional Institution and two of the named Defendants are located at Central Office in Tallahassee, with the remaining Defendant located at Zephyrhills Correctional Institution. Doc. 1. Plaintiff cannot be in danger of physical injury from the Defendants because he is not located with the Defendants. Moreover, Plaintiff's allegations in this case, like his prior action in this Court (4:10cv150), concern a disciplinary report issued in 2009. As relief, Plaintiff seeks an Order which requires the Defendants to credit his prison sentence with the number of days he spend in administrative confinement and to receive $150 for each day "Plaintiff was wrongly held in prison . . . ." *Id.*, at 13.

Plaintiff's claims do not bring him within the "imminent danger of serious physical injury" exception. Moreover, a request for relief which seeks a recalculation of his prison sentence essentially is a claim for speedier release from prison which must be brought through a habeas petition and not a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

Therefore, because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed. The dismissal should be without prejudice as Plaintiff may re-refile this action and present these same allegations in a complaint for which he simultaneously pays the full $350.00 filing fee at the time of case initiation. *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 12, 2013.

    S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**